UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIA HOWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>STRM LL - GARDEN OF EDEN, et al.,<br><br>   Defendants. | Case No. 20-cv-00123-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 16 |

Natalia Howell, proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") against her former employer 21227 Foothill, LLC ("Garden of Eden") (named as STRM LLC - Garden of Eden), Garden of Eden owners Soufyan Abouahmed and Shareef Radwan El-Sissi, and her former manager Andrew Do (collectively, "Defendants").[1] Ms. Howell alleges that Defendants' termination of her employment was an adverse employment action constituting race, gender, sexual orientation, and disability discrimination under Title VII, as well as disability discrimination and retaliation in violation of the ADA. Now pending before the Court is Defendants' motion to dismiss. (Dkt. No. 16.) After carefully considering the parties' pleadings, the Court concludes that oral argument is unnecessary to resolve the motion, *see* Civ. L.R. 7-1(b), VACATES the October 15 hearing, GRANTS Defendants' motion to dismiss Ms. Howell's Title VII and ADA discrimination claims, with leave to amend, and DENIES Defendants' motion to dismiss Ms. Howell's retaliation claim.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. Section 636(c). (Dkt. Nos. 6 and 23.)

**FACTUAL & PROCEDURAL BACKGROUND**

**I.    Factual Background**

Ms. Howell, an African American female who identifies as an "androgynous lesbian," was injured while working at Garden of Eden in June 2018. (First Amended Complaint ("FAC"), Dkt. No. 11 at 3:24-25; 5:20.)[2] Although Ms. Howell's morning manager gave her permission to leave work and seek medical attention, Andrew Do denied her request to go to the hospital. (*Id*. at 4:5-10). An MRI indicated that she suffered from a herniated disc with sciatic nerve pain. (*Id.* at 6:8.) She applied for worker's compensation but was told that Defendants denied her worker's compensation claim. (*Id.* at 4:24.) While on medical leave for her injury, Defendants terminated Ms. Howell's employment. (*Id.* at 6:13.)

The following background is based on facts reflected in the documents attached to the FAC, which include but are not limited to: Ms. Howell's description of her claims, a portion of the administrative record of Ms. Howell's EEOC claim, doctors' notes excusing Ms. Howell from work, correspondence between Ms. Howell and Andrew Do, and a letter from Ms. Howell's partner.[3]

Following her injury, Ms. Howell provided Work Status Reports from Kaiser Permanente excusing her from work from June 26, 2018 to July 6, 2018. (Dkt. No. 11 at 28.) Andrew Do sent letters to Ms. Howell on July 10 and July 30 stating Defendants were willing to make necessary accommodations and asking when Ms. Howell planned to return to work. (*Id.* at 28, 29.) The July 30 letter stated that if Ms. Howell could not return to work by August 2, Garden of Eden "will have to come to an ultimate decision on [her] employment status." (*Id.* at 29.) Ms. Howell provided a doctor's note excusing her from work from August 1, 2018 through August 31, 2018. (*Id.* at 27.) Ms. Howell received a termination notice from Defendants on August 17, 2018. (*Id.* at 13.) In the termination notice, Defendant Garden of Eden cited that Ms. Howell had exhausted

---

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

[3] The Court can consider documents attached to a complaint on a motion to dismiss. *See* Fed. R. Civ. P. 10; *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978). Moreover, in the context of employment discrimination cases in particular, courts may judicially notice the administrative record of a plaintiff's claims before the EEOC. *See, e.g.*, *Hsu v. Donohoe*, No. 5:13-cv-02253-PSG, 2014 WL 1153912, at *2 (N.D. Cal. Mar. 20, 2014). In doing so, the Court only notices the existence of the administrative record and does not credit the truth of any fact recounted or matter asserted in the documents. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1070 (N.D. Cal. 2010).

all paid time off benefits with no effort to confirm a date to return to work. (*Id.* at 14.) Defendant Garden of Eden stated in the notice that the most recent medical work status had released Ms. Howell to work with activity modifications and they had offered to make accommodations for Ms. Howell's return. (*Id.*)

Ms. Howell includes other allegations involving a stalking incident at work which are not relevant to the pending motion. (FAC at 8:15; Dkt. No 11 at 12-13, 16-23.)

## II.     Procedural History

Ms. Howell filed an Equal Employment Opportunity Commission ("EEOC") charge against Defendant Garden of Eden and received a Notice of Right to Sue on December 9, 2019 regarding Title VII and the ADA. (Dkt. No 11 at 11.)

Ms. Howell filed this action on January 1, 2020. (Dkt. No. 1.) Ms. Howell filed a motion to proceed In Forma Pauperis, which the Court granted. (Dkt. No. 2.) The Court issued a screening order pursuant to 28 U.S.C. § 1915, concluding that Ms. Howell had not adequately alleged her claims against Soufyan Abouahmed and Shareef Radwan El-Sissi, and noting that while Ms. Howell included allegations as to Andrew Do, she had not named him as a defendant. (Dkt. No. 7.) Ms. Howell filed her first amended complaint on April 9, 2020 pleading claims against Soufyan Abouahmed, Shareef Radwan El-Sissi, and Andrew Do (the "Individual Defendants"), as well as Garden of Eden. (Dkt. No. 11.) The FAC challenges Ms. Howell's termination on August 17, 2018 as well as ostracism, the denial of hours, advancement, time off, and promotions. (FAC at 7:5.) Ms. Howell alleges claims for relief for race, gender, sexual orientation, and disability discrimination. (*Id.* at 7:11.) The now pending motion to dismiss followed. (Dkt. No. 16.)

Ms. Howell also filed two additional actions against these Defendants which have been related. (Dkt. No. 30 relating Case Nos 20-4897 and 20-4901.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*,

3

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is required to make only "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012).  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief...[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

The pleadings of parties not represented by counsel are generally liberally construed and held to a less stringent standard.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal*, noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotation marks and citations

4

omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If a court grants a Rule 12(b)(6) motion, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendants move to dismiss all of Ms. Howell's claims insisting that Ms. Howell has failed to establish prima facie claims under the ADA or Title VII. Defendants also argue that claims against the Individual Defendants should be dismissed because there is no individual liability under Title VII and the ADA, and because the Individual Defendants were not named in the EEOC charge.

**A. Title VII Claims**

The elements of a Title VII discrimination claim are that the plaintiff: (1) belongs to a protected class, (2) performed her job satisfactorily, (3) suffered an adverse employment action, and (4) the employer treated her differently because of her membership in the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal citation omitted). The fourth element—that the plaintiff was subjected to adverse employment action *because of* her membership in a protected class—can be alleged either through direct evidence of discrimination, such as a supervisor's derogatory comment about her race or gender, *see, e.g.*, *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1050 (9th Cir. 2009), or through circumstantial evidence, which may include allegations that similarly situated individuals outside the plaintiff's protected class were treated more favorably or that other circumstances surrounding the at-issue employment action give rise to an inference of discrimination, *see Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-06 (9th Cir. 2008). "While an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss," courts generally "take each element in turn in determining whether [a plaintiff] has stated a plausible claim for relief." *Brown v. FPI Mgmt., Inc.*, No. C-11-05414-YGR, 2012 WL 629182, at *3 (N.D. Cal. Feb. 27, 2012) (internal citation omitted).

5

### 1. Ms. Howell Fails to Adequately Allege Race, Gender, and Sexual Orientation Discrimination

Ms. Howell's Title VII claims of race, gender, and sexual orientation all fail to state a claim. While the allegations are somewhat unclear, it appears Ms. Howell alleges that Defendants discriminated against her because of her race, gender, and sexual orientation by terminating her employment and denying her hours, time off, advancement, and ostracizing her.

Ms. Howell has alleged the first element of a Title VII claim, as the FAC identifies Ms. Howell as an African American woman who identifies as an "androgynous lesbian." (*See* FAC at 5:20.); *see* 42 U.S.C. Section 2000e-2(a)(1) (race is a protected class); *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 682 (1983) (stating that gender is a protected class under Title VII); *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1743 (2020) (finding that discrimination based on sexual orientation is also a form of sex discrimination under Title VII because "for an employer to discriminate against employees for being homosexual or transgender, the employer must intentionally discriminate against individual men or women in part because of sex."). Therefore, Ms. Howell is part of a protected class based on her race, gender, and sexual orientation.[4]

As to the second element, Ms. Howell does not affirmatively allege that she performed her job adequately, which is how courts often deem this element satisfied. *See, e.g.*, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012). Nor does she allege facts in support of satisfactory performance, such as good performance reviews. *Cf. Id.* at 1050 (finding that the plaintiff plausibly alleged the second element where she alleged that her performance was "satisfactory or better" and that "she received consistently good performance reviews"); *Brown*, 2012 WL 629182, at *4 (finding that the plaintiff plausibly alleged the second element where she alleged that she performed her job satisfactorily, received positive performance reviews, and was asked to help train other employees). Because Ms. Howell alleges no details about her job performance, she has not established that she has performed her job satisfactorily.

---

[4] Ms. Howell also alleges disability discrimination in her Title VII claim; however, disability is not a protected class under Title VII. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008) (noting that Title VII does not proscribe disability discrimination). The Court therefore dismisses Ms. Howell's disability discrimination claims to the extent that she brings them under Title VII and analyzes the claims under the ADA instead.

Ms. Howell has satisfied the third element. Ms. Howell alleges her termination from the Garden of Eden and that she was ostracized, denied advancement, promotions, time off, and hours. (FAC at 5:22-23.) An adverse employment action generally is one that "materially affect[s] the compensation, terms, conditions, or privileges of...employment." *Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1126 (9th Cir. 2000). Ms. Howell's allegations regarding ostracism do not constitute an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (ostracism cannot constitute an adverse employment action). Howell's allegations regarding hours, time off, advancement, promotion, and termination, however, materially affect the conditions of employment sufficient to constitute an adverse employment action. *See Brooks,* F.3d at 929 (termination constitutes an adverse employment action); *Rux v. Starbucks Corp.*, No. 2:05CV02299MCEEFB, 2007 WL 1470134, at *7 (E.D. Cal. May 18, 2007) ("Plaintiff's termination constitutes [an] adverse employment action").

Ms. Howell fails to adequately allege the fourth element: that Defendants terminated her employment *because* of her race, gender, or sexual orientation. The FAC and attached documents lack factual allegations of direct evidence of discrimination, such as an allegation that a supervisor made a derogatory comment about Ms. Howell's race, gender, or sexual orientation. *See, e.g., Boeing Co.*, 577 F.3d at 1050. Nor does Ms. Howell allege, for instance, that Defendants did not terminate other, non-African American, heterosexual, or male employees who engaged in similar conduct—such as failing to return to work after being injured and exhausting all leave options. *See Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct") (footnote omitted); *Lin v. Potter*, No. C-10-03757-LB, 2011 WL 1522382, at *12 (N.D. Cal. Apr. 21, 2011) (finding that the plaintiff failed to meet the fourth element where she failed to allege that the employee who received a promotion instead of her was similarly situated regarding eligibility for promotion and failed to allege that he was a different race than her). While Ms. Howell alleges that she was denied hours and "all other employees were granted all expectations," (FAC at 8:19), and that she "stands out amongst her coworkers," (*id.* at 5:20-21), she does not allege that there were employees that did not share her respective identities, who were similarly situated, but were treated differently. *See Vasquez*, 349 F.3d at 641.

Because Ms. Howell has failed to allege sufficient facts to state a race, gender, or sexual orientation discrimination claim under Title VII, the Court GRANTS Defendants' motion to dismiss with leave to amend.  *See Lopez*, 203 F.3d at 1127.

### B. Disability Discrimination

Next, Ms. Howell alleges that Defendants discriminated against her based on her disability in violation of the ADA.  (FAC at 5:22.)  Here, the possible causes of action under Title I of the ADA include disparate treatment, failure to accommodate, and retaliation.  Ms. Howell does not explicitly indicate which theory of liability applies here.  However, given the allegations of her complaint that she was "wrongfully terminated" it appears that she is pleading disparate treatment and retaliation claims.  (*See* FAC at 7:5.)  To the extent that Ms. Howell's opposition brief suggests that she was denied accommodations, (*see* Dkt. No. 22 at 2-5), these allegations are not in the FAC.  *See Broam v. Brogan,* 320 F.3d 1023, 1026 (9th Cir. 2003) (finding that although the Court does not consider facts in the opposition when deciding whether the complaint states a claim, they are relevant to a plaintiff's ability to successfully amend).

#### 1. Ms. Howell Fails to Adequately Allege Disparate Treatment

Ms. Howell fails to state a claim for disparate treatment.  Ms. Howell alleges that Defendants discriminated against her because of her disability by terminating her employment "after being written off by a physician" when she was diagnosed with a herniated disc and sciatic nerve pain "sustained from her work injury."  (FAC at 6:7-8.)

To state a disparate treatment claim under the ADA, a plaintiff must plead enough facts to allege that she: (1) suffers from a disability, (2) is otherwise qualified for employment, and (3) suffered discrimination because of her disability.  *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001) (internal citations omitted).  The ADA defines disability in regards to the first element as (1) "a physical or mental impairment that substantially limits one or more of the major life activities of the individual," (2) a record of such impairment, or (3) being regarded as having such impairment.  42 U.S.C. § 12102(1).  The term "qualified individual" means an individual who, "with or without reasonable accommodation," can perform the "essential functions" of the position.  42 U.S.C. § 12111(8).  A plaintiff can meet the third element—that she was discriminated against "by reason of" her disability—by alleging facts sufficient to establish

8

that her disability was a "motivating factor" in an adverse employment action. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (internal citation omitted).

Ms. Howell has established the first element. Ms. Howell has alleged facts to show that her back injury substantially limits one or more of her major life activities. Under 29 C.F.R. Section 1630.2(j)(1)(i), "substantially limits" is not meant to be a demanding standard and should be "construed broadly in favor of maximum coverage." Ms. Howell adequately alleges that her injury is substantially limiting because she "could not walk, stand, or bend over," and "was in constant radiating pain." (FAC at 4:16-17.) Ms. Howell has included doctor's notes from Kaiser excusing her from work throughout July and August of 2018, which suggest the injury has had a significant duration. (*See* Dkt. No. 11 at 25-27.) Ms. Howell alleges no facts to suggest the long-term impact of her injury, but under 29 C.F.R. Section 1630.2(j)(1)(ix), "the effects of an impairment lasting or expected to last fewer than six months can be substantially limiting."

However, Ms. Howell has failed to allege the second element. The FAC contains conflicting allegations about whether Ms. Howell was "an otherwise qualified individual" able to "perform the essential functions of the position with or without reasonable accommodation." 29 C.F.R. § 1630.2(m). The termination letter from Garden of Eden states that Kaiser had released Ms. Howell to work with activity modifications and Defendants agreed to provide such accommodations. (Dkt. No. 11 at 14.) This suggests that Ms. Howell was able to perform the essential functions of the position with reasonable accommodation. Ms. Howell, on the other hand, appears to allege she was not physically able to return to work because she was "written off work completely." (FAC at 6:11-12.) When an exhibit attached to the complaint contradicts allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss. *See* Fed. R. Civ. P. 10(c), 12(b)(6); *Bogey v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *c.f. Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (finding that if the appended document reveals facts which foreclose recovery as a matter of law, dismissal is appropriate). Still, rather than accepting every statement in a unilateral writing by a defendant as true, it is necessary to consider why a plaintiff attached the document, who authored the documents, and the reliability of the documents. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998). Because of the conflicts between the FAC and

9

the attached letter from Defendant Garden of Eden, it is unclear whether Ms. Howell is alleging facts that support an inference that she was able to return to work with reasonable accommodations.

Ms. Howell has adequately alleged element three: that she was subject to adverse employment action because of her disability. For purposes of the ADA, and with few exceptions, conduct resulting from a disability is considered to be part of the disability, rather than separate grounds for termination. *Humphrey*, 239 F.3d at 1139-40. The link between the termination and the disability is deemed particularly strong where it is the employer's failure to provide reasonable accommodations for a known disability that leads to discharge for performance inadequacies arising from that disability. *Id.* at 140 (internal citations omitted); *see also Kimbro v. Atlantic Ridgefield Co.*, 889 F.2d 869 (9th Cir.), *cert. denied*, 498 U.S. 814 (1989) (finding there was a significant causal connection between the employee's disability and termination where the employee was discharged for excessive absenteeism caused by migraine-related absences). The termination letter from Garden of Eden attached to the FAC states that the reason for termination was that Ms. Howell had exhausted all available leave but failed to return to work. (Dkt. No 11 at 14.) The notes from Kaiser excusing Ms. Howell from work suggest that these absences were due to Ms. Howell's injury. Although the termination letter states that Defendants offered to provide accommodations to Ms. Howell and so the causal link may not be "particularly strong," *see Humphrey*, 239 F.3d at 1140, her absences are still deemed part of her disability. This is sufficient to allege that Ms. Howell's disability was a "motivating factor" in her termination. *See Simmons*, 609 F.3d at 1021.

Because Ms. Howell fails to state a claim for disparate treatment under the ADA since she has not adequately alleged that she is a qualified individual under the statute, the Court GRANTS Defendants' motion to dismiss the claim with leave to amend. *See Lopez*, 203 F.3d at 1127.

### 2. Ms. Howell Adequately Alleges Retaliation

To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) she engaged in a protected activity, (2) her employer subjected her to a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 421 (9th Cir. 2013) (internal citations omitted).

10

Ms. Howell has established the first element.  Under the ADA, making a good faith request to obtain a reasonable accommodation is a protected activity.  *Coons v. Sec'y of the United States Dp't of the Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).  Reasonable accommodations can include "job restructuring, part-time or modified work schedules." 42 U.S.C. § 12111(9)(b).  Ms. Howell alleges that she requested time off due to her injury. (FAC at 6:7-8.)  Ms. Howell's request for a leave of absence could constitute a request for reasonable accommodation.  *See Kimbro*, 889 F.2d at 879 (finding that a leave of absence was a reasonable accommodation for an employee whose migraines caused him sporadically to miss work).  Whether her request for a leave of absence constitutes a reasonable accommodation is not a question the Court can answer on a motion to dismiss.  *See U.S. EEOC v. Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010) (finding the reasonableness of an accommodation is ordinarily a question of fact) (internal citations omitted).  Therefore, construing the alleged facts in favor of Ms. Howell, she has adequately alleged that she engaged in protected activity by requesting a leave of absence.

Ms. Howell has also adequately pled the second element. An adverse employment action "is any action reasonably likely to deter employees from engaging in protected activity." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (internal citations omitted).  Termination is an adverse employment action for the purpose of a retaliation claim.  *See Ray v. Henderson*, 217 F.3d 1234, 1242-1243 (9th Cir. 2000) (distinguishing between "ultimate employment actions" such as termination and other actions that may constitute adverse employment actions).  Ms. Howell's termination is sufficient to establish that she has suffered an adverse employment action.

Ms. Howell has also alleged the third element.  "Temporal proximity between protected activity and adverse employment can by itself constitute sufficient circumstantial evidence of retaliation in some cases." *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865 (9th Cir. 2003). Defendants received a Kaiser note excusing Ms. Howell from work on the same day that Defendants issued the notice of termination. (*See* Dkt. No. 11 at 14.)  The letter also states the reason for her termination was her failure to return to work, citing the Kaiser Work Status report they received that day. (*Id*. at 14.)  The timing, and the reason given by Defendants, is sufficient to establish a causal link between her request for accommodation and her termination.

Because Ms. Howell has adequately alleged a retaliation claim, the Court DENIES

Defendants' motion to dismiss the claim.

### C. Individual Liability

#### 1. Individual Liability Under Title VII and the ADA

Ms. Howell has failed to state a claim against the Individual Defendants under Title VII. Title VII does not impose personal liability on individual managers or supervisors. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 588 (9th Cir. 1993). Likewise, the Ninth Circuit has held that there is no individual liability under the ADA. *See Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). The ADA adopts the same definition of "employer," as well as the same remedial structure as Title VII. *Id.*, at 1038. Therefore, the Court GRANTS Defendants' motion to dismiss the Title VII and ADA claims against the Individual Defendants.

#### 2. Exhaustion of Administrative Remedies Against the Individual Defendants

Defendants argue that the Title VII claim against the Individual Defendants should be dismissed because in Ms. Howell's EEOC Complaint, Ms. Howell did not name Individual Defendants, but only Defendant Garden of Eden. (Dkt. No. 11 at 11.) This issue is moot because neither Title VII nor the ADA allows for individual liability.

### D. Additional Issues

A few days after she submitted her opposition brief, Ms. Howell filed a declaration for *ex parte* relief. (Dkt. No. 26.) It is unclear what relief Ms. Howell seeks—she makes various allegations as to Defendants' behavior since the termination of her employment on August 17, 2018. These allegations include but are not limited to stalking, credit alerts, improperly obtaining personal information, threats, and kidnapping. (*Id*. at 2-6.) Ms. Howell seems to request a protective order to prevent Defendants from continuing to engage in the alleged activity, although she does not state any legal authority in her declaration. (*Id*. at 2.) Defendants filed their objections on August 6, 2020 and categorically deny all allegations made by Ms. Howell. (Dkt. No. 31 at 3.) As no authority is given for the requested relief, either substantively or as a procedural matter, the ex parte motion is denied.

## CONCLUSION

For the reasons explained above, the Court GRANTS the motion to dismiss Ms. Howell's Title VII and ADA Discrimination claims with leave to amend as to defendant Garden of Eden

and without leave to amend as to the Individual Defendants. The Court DENIES the motion to dismiss Ms. Howell's retaliation claim.

Should Ms. Howell wish to amend her complaint, she should allege facts to support the legal conclusions put forth in the FAC to bring them beyond a formulaic recitation of the elements. *See Haro v. Therm-X of Cal., Inc.*, No. 15-cv-02123-JCS, 2015 WL 5121251, at *4 (N.D. Cal. Aug. 28, 2015). As to Ms. Howell's Title VII claims, she should include facts to support an allegation that her job performance was satisfactory, as well as allegations of either direct or circumstantial evidence of discrimination based on Ms. Howell's race, gender, and sexual orientation. As to Ms. Howell's ADA discrimination claim, she should include facts to indicate the duration and long-term impacts of her injury in order to support her claim that she suffers from a disability. She should also include an affirmative allegation that she is otherwise qualified, including factual allegations about the essential functions of her position at Garden of Eden and her ability to perform those functions with or without reasonable accommodation. *See* 19 C.F.R. §1630.2(m).

Ms. Howell must file her amended complaint, if any, by **October 26, 2020**. The Court reschedules the Initial Case Management Conference for **November 12, 2020** at 1:30 p.m. via Zoom Webinar. The Parties' joint case management statement is due November 5, 2020.

The Court encourages Ms. Howell to contact the Northern District's Legal Help Center. Ms. Howell can make an appointment by calling (415) 792-8982.

This Order disposes of Dkt. Nos. 16 and 26.

**IT IS SO ORDERED.**

Dated: September 30, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge